insuring against liability for accident in and about certain premises; that plaintiffs purchased the premises and the policy was transferred to them; that a third party was injured by a fall on the sidewalk and that defendant was notified to defend but refused to do so; that a judgment was recovered against plaintiff which he could not pay and he was arrested and confined under a body execution. The policy contained the following clause: " No action for the indemnity against loss provided for in Agreement 1 of this policy shall lie against the Company, except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial of the issue."

*Benjamin C. Ribman* for appellants.

*Edward P. Lyon* and *Harold S. Lyon* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

RALPH BASH et al., Respondents, *v.* HUGH J. SHEERAN, as Receiver of NEW YORK RAILWAYS COMPANY, Appellant.

*Landlord and tenant — lease — action by tenants to recover sum deposited as security for performance of covenants of lease — defense of breach of covenant to make alterations and repairs.*

*Bash* v. *Sheeran,* 216 App. Div. 800, affirmed.

(Argued March 30, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 26, 1926, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover a sum deposited as security under a written lease to plaintiffs by defendant's predecessor of real property. The defense was that plaintiffs had failed to make certain alterations

and repairs in accordance with covenants in the lease. Plaintiffs' evidence tended to show that the tenant in possession had prepared plans for the improvements and transmitted them to defendant for approval, but that no notice of approval was ever received by the plaintiffs. A year after the plans were submitted the premises were partially destroyed by fire. A year thereafter plaintiffs, pursuant to the fire clause in the lease, served notice that they elected to terminate the same. The trial court found that in the interval between the fire and termination of the lease plaintiffs remained in possession as agents of the lessor and not as tenants.

*Henry J. Smith* and *Eugene J. Noyes* for appellant.

*Emanuel H. Reichart* and *Samuel Hellinger* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ANNE NICHOLS et al., Appellants, *v.* HURTIG & SEAMAN THEATRICAL ENTERPRISES, INC., et al., Respondents, Impleaded with Others.

*Contract — license to produce play — action to restrain production on ground time named within which play was to be produced had expired.*

*Nichols* v. *Hurtig & Seaman Theatrical Enterprises, Inc.*, 217 App. Div. 107, affirmed.

(Argued March 31, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1926, unanimously affirming a judgment in favor of defendants entered upon the report of a referee. The action was to restrain defendants from producing a certain play in certain portions of the British Empire on the ground that the rights which defendants had secured from plaintiffs to so produce the